LDA

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Elaine L. Chao Secretary of Labor, United States Department of Labor, Plaintiff, | |
| | CIVIL ACTION |
| v. | |
| | FILE NO. |
| RCJ, Inc., Bang Bar, Inc. and Ethan Zamp & Co., Ltd., Defendants. | CA 07 477 S |

COMPLAINT

Plaintiff brings this action to enjoin defendants from violating the provisions of sections 6, 7, and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, 29 USC 201, et seq.) hereinafter called the Act.

I.

Jurisdiction of this action is conferred upon the Court by section 17 of the Act.

II.

Defendant RCJ, Inc., doing business as Ten Steak & Sushi, also known as Ten Prime Steak & Sushi, is and at all times hereinafter mentioned was a Rhode Island corporation having an office and place of business at 55 Pine Street, Providence Rhode Island within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was, engaged at that place of business and elsewhere in the operation of a full service restaurant.

III.

Defendant Bang Bar, Inc., doing business as Big Fish, is and at all times hereinafter mentioned was a Rhode Island corporation having an office and place of business at 370 Richmond Street, Providence, Rhode Island within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was, engaged at that place of business and elsewhere in the

operation of a full service restaurant.

IV.

Defendant Ethan Zamp & Co., Ltd., doing business as XO Steak House, is and at all times hereinafter mentioned was a Rhode Island corporation having an office and place of business at 125 North Main Street, Providence, Rhode Island within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was, engaged at that place of business and elsewhere in the operation of a full service restaurant.

V.

Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business purpose, and they are and at all times hereinafter mentioned were an enterprise within the meaning of section 3(r) of the Act.

VI.

At all times hereinafter mentioned, defendants employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s).

VII.

Defendants have violated and are violating the provisions of sections 6 and 15(a)(2) of the Act by paying employees wages at rates less than the applicable minimum wage.

VIII.

Defendants have violated and are violating the provisions of sections 7 and 15(a)(2) of the Act by employing employees for workweeks longer than forty (40) hours without compensating them for their employment in excess of forty (40) hours in said workweeks, at

rates not less than one and one-half times the regular rate at which they were employed.

IX.

During the period since June 5, 2005 defendants violated and are violating the aforesaid provisions of the Act, as alleged, and a judgment enjoining such violation is expressly authorized by section 17 of the Act.

WHEREFORE, cause having been shown, plaintiff prays judgment permanently enjoining and restraining defendants agents, servants, employees, and those persons in active concert or participation with them or acting in their interest and behalf, from violating the provisions of sections 6 and 7 of the Act, and for such other and further relief as may be necessary or appropriate, including the restraint of any withholding of compensation found by the court to be due under the Act to employees, together with interest thereon from the date such back wages became due until the date back wages are finally paid, and costs.

Post Office Address:
U.S. Department of Labor
Office of Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203
TEL:(617)565-2500
FAX:(617)565-2142

Jonathan L. Snare
Acting Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

Constance B. Franklin
Attorney

U.S. Department of Labor
Attorneys for Plaintiff